141 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frances R. FORD, R.N., Plaintiff-Appellant,
v.
County of Clark, a political subdivision of the State of
Nevada; University Medical Center, of Southern
Nevada, Defendants-Appellees.
 No. 96-17240.
D.C. No. CV-96-00472-PMP.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1997.
Decided Mar. 3, 1998.
 
 1
 Appeal from the United States District Court for the District of Nevada Philip M. Pro, District Judge, Presiding.
 
 
 2
 Before WIGGINS and KLEINFELD, Circuit Judges, DWYER** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Appellants' argument that the district court mistakenly applied McDonald-Douglas v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) to her ADA claim is mistaken. The district court determined that Ford had produced evidence that she was qualified to perform essential functions of her employment and suffered from a disability, but that she had not established a genuine issue of fact as to whether the hospital had failed to make reasonable accommodation for her disability. The focus on failure to make reasonable accommodation was correct under 42 U.S.C. § 12112(b)(5)(A), "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability."
 
 
 5
 Appellant argues that under Mantolete v. Bolger, 767 F.2d 1416 (9th Cir.1985), the hospital should have gone further to gather information before suspension. But there is no evidentiary basis for this argument. Appellant had provided the hospital with a letter from her nephrologist saying "she should not be exposed to patients with infectious tuberculosis, chicken pox, hepatitis," because she was "under our care for transplant kidney." Her nephrologist a little over two weeks later modified his recommendation, to "she should not be unnecessarily exposed to patients known and diagnosed to have infectious diseases such as TB, chicken pox and hepatitis." (Emphasis added). That modified recommendation made it possible to return appellant to her employment, because the hospital would no longer be jeopardizing her safety by exposing her to patients who had infectious diseases but whose infectious condition was not known to the hospital.
 
 
 6
 This rapid accommodation was reasonable and consistent with the "informal, interactive process" of 29 C.F.R. § 1630.1(o)(3). There was no need in this case for the hospital informally to interact with appellant more than it did. She caused her nephrologist to write two letters, one of which as a practical matter required that she be kept away from the hospital, and the second of which made it possible for her to be reasonably accommodated in her employment.
 
 
 7
 Appellant argues that the hospital should have interpreted away her nephrologist's first letter, in light of her surgeon's letter three years before saying that "Fran should be caring for those patients who are categorized by the usual hospital infection control criteria as 'clean' patients." The argument is meritless. It was reasonable for the hospital to respond to a contemporary letter, without inferring that it meant less than what it said, because of a letter that had been written by a different doctor three years before.
 
 
 8
 Appellant also argues that she was deprived of due process because she did not receive a hearing prior to her suspension by the hospital, a public employer. But she did not ask for a hearing. She could have had one had she asked for it under Article 9(1)(d) of her collective bargaining agreement. "A public employer may meet its obligation to provide due process through grievance procedures established in a collective bargaining agreement, provided, of course, those procedures satisfy due process." Armstrong v. Meyers, 964 F.2d 948, 950 (9th Cir.1992). Appellant's argument that the collective bargaining agreement itself deprived her of due process is supported by no authority and is without merit.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The Honorable William L. Dwyer, United States District Judge for the Western District of Washington, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3